# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DEBORAH JOYNER,**

        **Plaintiff,**

-vs-                                                      Case No. 6:10-cv-664-Orl-31DAB

**PEERLESS INDEMNITY INSURANCE COMPANY,**

        **Defendant.**

_____

# ORDER

       This matter comes before the Court on the Motion to Dismiss in Favor of Arbitration (Doc. 10) filed by the Defendant, Peerless Indemnity Insurance Company ("Peerless"). The Plaintiff, Deborah Joyner ("Joyner") has not filed a response, although the deadline for doing so has passed.

       According to the allegations of the Complaint (Doc. 2), which was originally filed in state court, Joyner was involved in an automobile accident with an uninsured/underinsured motorist, who was at fault. (Doc. 2 at 2). At the time of the accident, Joyner had an automobile insurance policy in effect with Peerless. (Doc. 2 at 2). In this suit, she seeks to recover uninsured/underinsured motorist benefits from Peerless pursuant to Section 627.727, Florida Statutes.

       Peerless asserts that the policy contains an abitration provision, which it seeks to enforce by way of the instant motion. Neither party has provided the Court with a copy of the policy. However, Peerless has provided a copy of the written demand for arbitration sent to Joyner, which quotes the relevant passages. Those passages provide, in pertinent part, that if Peerless and the

insured disagree as to whether the insured is entitled to recover damages, or disagree as to the amount of those damages, either party may make a written demand and compel arbitration. (Doc. 10-1 at 1).

Federal policy favors arbitration over litigation, and requires that arbitration clauses be construed broadly and that all doubts be resolved in favor of arbitration. *Seaboard Coast Line R. R. v. Trailer Train Co.*, 690 F.2d 1343, 1348 (11th Cir.1982); see *also Nicor Int'l Corp. v. El Paso Corp.*, 292 F.Supp.2d 1357, 1371 (S.D.Fla.2003) (noting strong federal policy in favor of enforcing arbitration agreements). The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, provides, in relevant part, as follows:

> A written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract ... or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C. § 2. Absent some violation of public policy, a federal court must refer to arbitration any controversies covered by the provisions of an arbitration clause. *Telecom Italia, SpA v. Wholesale Telecom Corp.*, 248 F.3d 1109, 1114 (11th Cir. 2001).

A federal court must undertake a two-step inquiry when considering a motion to compel arbitration. Its first task is to determine whether the parties agreed to arbitrate the dispute, a determination made by reference to the federal law of arbitrability, applicable to any arbitration agreement within the coverage of the FAA. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S. 614, 626-28, 105 S.Ct. 3346, 87 L.Ed.2d 444 (1985). As a matter of federal law, any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration.

*Moses H. Cone Memorial Hospital*, 460 U.S. 1, 24-25, 103 S.Ct. 927, 941-42, 74 L.Ed.2d 765 (1983). If the Court finds that the parties agreed to arbitrate the claims, its second task is to determine "whether legal constraints external to the parties agreement foreclosed the arbitration of those claims." *Mitsubishi Motors Corp.*, 474 U.S. at 628, 105 S.Ct. at 3355.

After reviewing the complaint and the arbitration provisions of the policy, the Court finds that the parties agreed to arbitrate this issue, and nothing has been identified that even arguably forecloses arbitration of it. Accordingly, it is hereby

**ORDERED** that the Motion to Dismiss in Favor of Arbitration (Doc. 10) is **GRANTED**, and this case is **STAYED** pending arbitration. And it is further

**ORDERED** that on October 1, 2010, and every 90 days thereafter, the Defendant shall file a status report regarding the arbitration.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 10, 2010.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party